**SPEED CORPORATION, Appellant,**

v.

**Louise K. WEBSTER, Appellee.**

**No. 15800.**

United States Court of Appeals
Ninth Circuit.

Jan. 7, 1959.

Ramsey & Kolisch, J. Pierre Kolisch, Portland, Or., for appellant.

Rosenberg, Swire & Coan, Burton L. Coan, Buckhorn & Cheatham, Kenneth S. Klarquist, Portland, Or., for appellee.

Before FEE and HAMLIN, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

By this appeal the appellant asks reversal of the Trial Court's judgment which, after rejecting appellant's defenses of prior-art-coverage and no-invention as against appellee's Speed patent, upheld validity of that patent (which is numbered 2,253,990, was issued August 26, 1941, and was for handles for holding the variously contoured shanks of tools, such as files, screw drivers, hack saw blades and the like), and found infringement of appellee's Speed patent by the accused devices made under appellant's Kindley Patent No. 2,676,811, issued April 27, 1954, also for such tool handles, and enjoined appellant from further infringement of appellee's Speed patent, and awarded only single damages, costs, and attorneys' fees for amounts later to be determined.

This Court has jurisdiction pursuant to 35 U.S.C.A. § 281, and 28 U.S.C.A. §§ 1291, 1292(1) and (4) and § 1338(a).

For some time before and after March 1948 appellee's late husband was the owner of, and before that date manufactured tool handles under, the Speed patent which later by valid mesne assignments became the property of and is now owned by appellee who is entitled to all recoverable relief herein sought by her. For the period from March 1948 to August 1949, the appellant acquired from appellee's late husband and owned an exclusive manufacturing and selling license for, and did acquire from the same licensor certain equipment, supplies and tool parts formerly used for the manufacture of, and did manufacture and sell about 14,000, tool handles under that patent and license.

That license, however, was terminated on August 9, 1949. Not long after that time, appellant embarked upon its present tool handle manufacturing career, and a little more than a year following the cancellation of that license, appellant's employee, H. W. Kindley, filed a patent application for his claimed tool handle invention. That apparently was for the benefit of the appellant because that application was assigned to appellant, and thereafter on April 27, 1954, the Kindley (appellant's) Patent No. 2,676,811 issued from the Patent Office when it was, always since then and for some time prior thereto has been and now is, owned by appellant. And the accused devices are made in accordance with that Kindley patent of applicant.

The issues are: (1) was appellee's patent valid, (2) if it was, did appellant's accused device infringe appellee's patent, (3) was appellee guilty of laches because of her waiting from 1952 to 1956 to institute her present court action, and (4) in view of the Trial Court's finding that the infringement was not willful, was it proper for the Trial Court to award attorneys' fees for appellee?

Obviously, issues (1) and (2) are the most important because the others turn upon them. At the trial no witnesses were called to testify, and the case was submitted for decision exclusively upon the stipulated facts set out in the pretrial order and certain sample articles including devices manufactured under or conforming to appellant's and appellee's patents which were approved by counsel for admission and were admitted as physical exhibits by the Trial Court. To visually show this Court exactly how these physical exhibits worked, counsel at the argument manually demonstrated the details and relationships of the devices' component parts and of the actual operation of such parts in their performance of their different functions in the comparable utility of the appellant's and appellee's patented tool handles.

■ By such stipulated facts and exhibits and such visual demonstration of exhibits, we are convinced that the accused devices are in all essential respects copies of the tool handles called for in the specifications of appellee's Speed patent claim, and that the record in this case and the applicable law fully support the Trial Court's thoroughly reasoned opinion, and that, in particular, that Court was correct in ruling as to the validity of appellee's Speed patent that

"* * * the arrangement of jaws of the handle of the Speed patent are such that they will adjust themselves to accommodate tool shanks of varied contours. This feature or thought cannot be ascertained in any of the prior art patents cited nor can it be determined that it was contemplated by the prior art."

and as to the infringement of appellee's Speed patent by appellant's Kindley patent that

"That the cam arrangement on the jaws and ferrule of Defendant's device is of somewhat different form cannot be relied upon by Defendant to escape a holding of infringement. Paraphrasing a holding in this Court—Defendant substituted a known equivalent for Plaintiff's cam arrangement which accomplished the same result by the same means, and the cooperating factors had the same function as those delineated by Plaintiff. Myers v. Beall Pipe & Tank Corp., D.C.Or.1941, 36 F.Supp. 752."

■ As to issue (3), the Trial Court rejected appellant's contention that appellee's pending action is barred by laches because appellant suffered no detriment as a result of appellee's delay in bringing this action. A claim of laches raises a question of fact upon which the finding of the Trial Court has heavy weight. There is substantial evidence to support that finding here, and that Court's action on issue (3) will stand.

As to issue (4), the suggestion of error in the allowance of attorney fees requires more consideration. The statute under which the award was made was re-enacted in July, 1952 as 35 U.S.C. § 285. This enactment still allows the Trial Court to make such an allowance to the prevailing party "in its discretion", but the text was changed from the former enactment 35 U.S.C. § 70 by adding the qualifying words "in exceptional cases". The Trial Court here found that there was no willful infringement, but nevertheless awarded attorney fees. The questions are whether there are circumstances appearing in the findings and evidence which place this action among the exceptional cases and give the Trial Court discretion to make such allowance, and, if so, what ruling should this Court make respecting such claimed error?

The Trial Court, as a basis for its allowance of attorneys fees, may have,

from the evidence and reasonable inferences therefrom, believed but did not expressly so find or state that the following facts and reasons were clearly established: that after appellant had for some time manufactured and sold tool handles under the license with the aid of certain tools, dies, jigs and other material necessary for such manufacture, and after that license was terminated, appellant proceeded to manufacture the accused device, knowing better than anyone else of the similarity between the accused device and appellee's patented device; that when it did this, appellant well knew and fully realized from its previous manufacture under the previous license of appellee's patent with the aid of such manufacturing equipment, that all of such license and equipment rights had been received by appellants from appellee's late husband; that appellant so knew and realized all this when its infringing patent was being made up and applied for, and before, at the time of and after it received its own attorney's erroneous advice that its infringing patent was valid and at the time of and after appellant received from appellee's attorney notice of infringement of, and demand that it again license, appellee's valid patent; and that at all material times appellant well knew and fully realized that its infringing patent and accused device were products which in all substantial functional respects were mere copies of appellee's valid patent and of the device faithfully made under appellee's patent.

And it may have been properly brought by counsel to the attention of the Trial Court, as it was by the uncontroverted oral statement of counsel at the argument to this Court, and the Trial Court may have properly believed but did not so find that appellee, a woman, is by occupation a practical nurse and may have properly inferred therefrom, there being in the record and at the argument before this Court no information to the contrary, that appellee is not one experienced in business, and for that among other reasons may have believed but did not so find, that the before mentioned conduct of appellant was more unfair and inequitable and was in more reckless disregard of appellee's rights and was more unconscionable towards this particular appellee than such conduct of appellant might have been were appellee an experienced business person. No other reason for its allowance of attorneys fees was stated by the Trial Court.

Even before the present wording of the statute was enacted, the Courts had held, as this Court did in Dubil v. Rayford Camp & Co., 9 Cir., 1951, 184 F.2d 899, 903, that: " * * * the basis on which attorney fees are to be awarded must be stated clearly. Otherwise it becomes the duty of the reviewing court to set the award aside." That statement requirement is more apparent under the present provision of the statute confining such attorneys fees allowance "in exceptional cases".

■ So here it is ordered on that issue alone that this case be remanded to the Trial Court with direction to find specially the facts or reasons relied upon by that Court for its allowance of the attorneys fees here questioned, with the privilege of taking further pertinent testimony, before including such allowance in the final decree; otherwise such allowance will be omitted from the final decree.

Appellant further contends that the Trial Court erred in not granting a new trial with leave to add additional patent exhibits covering new references of prior patents in addition to those already put in the record by appellant, but we find no error in this because it does not involve newly discovered evidence.

Remanded with the above stated directions upon only the issue as to the allowance of attorneys fees. In all respects other than that issue, the "Interlocutory Judgment" of the Trial Court dated September 27, 1957 is hereby affirmed, without costs in this Court to either party as against the other.